IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KIM L. DAVIS                                                                           PLAINTIFF

vs.                                     Civil No. 3:16-cv-03076

NANCY A. BERRYHILL                                                                  DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Kim L. Davis ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her disability applications on August 3, 2012. (Tr. 11). In her applications, Plaintiff alleges being disabled due to fibromyalgia, migraines, and pain. (Tr. 182). During the administrative hearing in this matter, Plaintiff also alleged being disabled due to urinary incontinence: "I have issues with my bladder, frequent urination and constantly feel like I have to

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

go to the bathroom, and I have to cath at least eight times a day which I need help doing that because I can't get it right." (Tr. 39). Plaintiff alleged an onset date of January 1, 2011 but later amended that alleged onset date to June 5, 2012. (Tr. 11). These applications were denied initially and again upon reconsideration. (Tr. 65-76).

After Plaintiff's applications were denied, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 126). Thereafter, on September 23, 2014, the SSA held an administrative hearing on Plaintiff's applications. (Tr. 28-64). At this hearing, Plaintiff was present and was represented by Mark Maske. *Id.* Plaintiff and Vocational Expert ("VE") Dr. Magrowski testified at this hearing. *Id.*

On January 6, 2015, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 8-24). The ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2015. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 5, 2012, her amended alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: fibromyalgia, migraine headaches, and depression. (Tr. 13-15, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15-17, Finding 4).

The ALJ determined Plaintiff was thirty-nine (39) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 22, Finding 7). As for her education, the ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 22, Finding 8).

The ALJ then evaluated Plaintiff's subjective complaints and assessed her Residual

2

Functional Capacity ("RFC"). (Tr. 17-22, Finding 5). After assessing her subjective complaints, the ALJ determined her allegations were not entirely credible and found she retained the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CR 404.1567(b) except that she is limited to work that involves simple tasks with simple instructions of a nature that can be learned within a short demonstration period of up to thirty days. The claimant can maintain concentration, persistence, and pace in this limited range of tasks for two hours at a time before taking a normally scheduled break and returning to work.

*Id*. The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22, Finding 6). Considering his RFC, the ALJ determined Plaintiff could not perform any of her PRW.

The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 23, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following three occupations: (1) mail clerk (light, unskilled) with 75,000 such jobs in the national economy; (2) office helper (light, unskilled) with 80,000 such jobs in the national economy; and (3) cashier II (light, unskilled) with 1,000,000 such jobs in the national economy. (Tr. 23). Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from her alleged onset date of June 5, 2012. *Id.*

Thereafter, Plaintiff requested the review of the Appeals Council. On April 26, 2016, the Appeals Council denied this request for review. (Tr. 1-3). On June 20, 2016, Plaintiff filed her Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 21, 2016. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10, 12. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 10. Specifically, Plaintiff raises two issues in her appeal brief: (1) the ALJ erred in finding her urinary incontinence was not a "severe" impairment; and (2) the ALJ erred in assessing her RFC. ECF No. 10 at 9-15. Because the Court finds the ALJ erred by finding her urinary incontinence was non-severe, this case must be reversed and remanded.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that

do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In this case, Plaintiff alleged being disabled due to her urinary incontinence. (Tr. 39). In his opinion, the ALJ recognized this impairment and found the following:

> There is evidence that the claimant has attempted various therapies to alleviate her incontinence symptoms, such as InterStimp Implant and prescriptions for VESIcare and Myrbetriq (*see generally* Exhibit B12F). Concurrently, the claimant used pads or adult diapers to prevent accidents that could cause her pants to become wet (Audio Hearing Record at 11:32 AM). The claimant stated that she changes these pads twice daily (Exhibit B12F at 10). Wearing and changing pads no more than minimally limits the claimant's basic work activities, and therefore the claimant's urinary incontinence is nonsevere.

(Tr. 14).

Interestingly, apart from his opinion on this matter, the ALJ *does not* explain how Plaintiff's urinary impairment *is not severe* considering these findings. Further, also in Plaintiff's medical records, her doctor noted that due to this impairment, Plaintiff had been using the restroom every ½ to hour and "has the feeling of frequency, urgency, need to get to the bathroom and cannot make it

fast enough." (Tr. 625).

Accordingly, the Court cannot find the ALJ's determination on this issue–that Plaintiff's urinary incontinence is non-severe– is supported by substantial evidence in the record. Thus, this case must be reversed and remanded for further consideration of this issue.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 6th day of June 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE